UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DesignwarePro, LLC, a Colorado limited liability company,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>Retail Pro Software Pty Ltd dba Smartpad Pro and Quoterite, a foreign limited company,<br><br>　　　　　Respondent. | Case No. 24-cv-02983 |

**MEMORANDUM IN SUPPORT OF MOTION FOR
<u>DEFAULT JUDGMENT AND TO CONFIRM ARBITRATION AWARD</u>**

Pursuant to Federal Rule of Civil Procedure 55(b)(2) and 9 U.S.C. §§ 9 and 13, Petitioner DesignwarePro, LLC ("DesignwarePro" or "Petitioner") respectfully submits this memorandum in support of its motion for a default judgment and to confirm the arbitration award against Respondent Retail Pro Software Pty Ltd. ("Retail Pro" or "Respondent"). In support thereof, Petitioner submits the following memorandum of points and authorities.

**STATEMENT OF FACTS**

**I.　　<u>The Arbitration</u>**

As set forth in DesignwarePro's Petition to Confirm Arbitration Award and Enter Judgment Thereon (the "Petition") (**Exhibit 1**;[1] ECF No. 4), this dispute arose under a 2017 license agreement (the "License Agreement") between Petitioner's predecessor and Respondent, wherein Respondent undertook to market and distribute Petitioner's software, WindowwarePro, in

---

[1] Exhibits referenced herein are annexed to the accompanying Declaration of James L. Bikoff ("Bikoff Decl."), counsel for Petitioner.

specified licensed territories. A true and correct copy of the subject License Agreement, which includes the agreement to arbitrate, is attached to the Petition (ECF 4-4).

On January 19, 2023, Petitioner filed a demand for arbitration with JAMS after Respondent (i) failed to pay license fees and (ii) modified Petitioner's software code, rebranded it, and began selling it outside the licensed territories in violation of the License Agreement. Respondent, through counsel, answered and submitted counterclaims, selected an arbitrator, and undertook discovery. Although Respondent chose not to appear at the final hearing, the JAMS Panel considered Respondent's arguments and evidence in the record in rendering its final decision.

The JAMS Panel issued a final award (the "Final Award") on May 24, 2024.[2] The Final Award ruled in favor of Petitioner on its claims of breach of contract, breach of the covenant of good faith and fair dealing, copyright infringement, misappropriation of trade secrets, and its alternative claim of unjust enrichment, awarding monetary relief, injunctive relief, and an accounting of Respondent's sales. The damages awarded to Petitioner, set forth on page 16 of the Final Award, are as follows:

> Claimant is awarded damages or other economic recovery against Respondent in the total amount of **$1,452,649.16 AUD**. At Claimant's election, such amount shall be converted to United States Dollars as of the date this Final Award is confirmed by a court of competent jurisdiction (hereinafter the "Confirmation Date").
>
> Claimant is awarded prejudgment interest on the above amount at the rate permitted by District of Columbia law from June 26, 2023 to the Confirmation Date. Claimant is awarded attorney fees and costs pursuant to its April 26, 2024 Report of Arbitration Costs in the amount of **$630,483.41 USD**.
>
> Claimant is awarded an additional **$21,248.75 USD** in arbitration fees and costs paid by Claimant to JAMS Denver in connection with this proceeding . . . .

---

[2] The Final Award is annexed to the Petition (ECF 4-3) and authenticated by the Certification of Jennifer House, chief executive officer of Petitioner (ECF 4-2).

> Claimant is entitled to an accounting from Respondent of all sales of its SmartPad Pro or Quoterite software (or any other software sold by Respondent incorporating Claimant's Windowware Pro software) from June 26, 2023 to the Confirmation Date or such other date as the confirming court shall determine.
>
> Claimant is entitled to an injunction prohibiting Respondent or any successor in interest from selling its SmartPad Pro, Quoterite Software (or any other software incorporating Claimant's Windowware Pro software) in the United States or in any other location outside the Licensed Territories as defined in the License Agreement.

The License Agreement provides that judgment upon an arbitration award may be entered by any court with jurisdiction. (¶ 27(b)). In paragraph 27(e), the parties consent to the jurisdiction and venue of this Court to confirm any award:

> The exclusive jurisdiction and venue of any action with respect to the subject matter of this Agreement shall be the District of Columbia Superior Court or the United States District Court for the District of Columbia and each of the parties hereto submits itself to the exclusive jurisdiction and venue of such courts for the purpose of any such action.

(Petition at Ex. 2 thereto [ECF 4-4], License Agreement, ¶ 27(e).)

## II. Petitioners' Petition to Confirm the Final Award and Respondent's Default

DesignwarePro commenced this action by filing the Petition to confirm the Final Award on October 21, 2024. (Exhibit 1 hereto and ECF No. 4.) The Petition establishes the relief to be awarded to Petitioner based upon the Final Award.

The Petition was served on Retail Pro c/o its registered agent, authorized by appointment to receive service, on October 28, 2024. (**Exhibit 2** to Bikoff Decl., Proof of Service, ECF No. 5.) Retail Pro has failed to appear, plead, or otherwise oppose the Petition. The Clerk entered Default against Respondent on January 7, 2025. (ECF No. 7.)

Attached as **Exhibit 3** to the Bikoff Decl. is Petitioner's proposed judgement, as filed with the Petition (ECF 4-8).

3

## ARGUMENT

## POINT I

## **THE PETITION COMPLIES WITH THE FEDERAL ARBITRATION ACT**

The Federal Arbitration Act, 9 U.S.C. §§ 201-208 (2006) ("FAA"), codifies the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). The FAA authorizes the recipient of a foreign arbitral award that falls under the Convention to seek enforcement in a federal district court. 9 U.S.C. § 207; *G.E. Transp. S.P.A. v. Republic of Albania*, 693 F. Supp. 2d 132, 137 (D.D.C. 2010).

A petition seeking confirmation must be filed within three years after an arbitral award falling under the Convention is made. 9 U.S.C. § 207. If a timely petition has been filed, the court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." *Id.*

In this instance, JAMS issued the Final Award on May 24, 2024, and the Petition is timely. As set forth below, none of the grounds for refusal or deferral of recognition or enforcement of the award is present. Thus, DesignwarePro satisfies the procedural requirements of 9 U.S.C. § 207, and confirmation of the Final Award is appropriate. *See Glob. Distressed Alpha Fund I LP v. Red Sea Flour Mills Co.,* 725 F. Supp. 2d 198, 203 (D.D.C. 2010) (granting motion for default judgment and confirming arbitration award).

## POINT II

## **THIS COURT HAS JURISDICTION TO CONFIRM THE ARBITRATION AWARD**

This Court thus has subject matter jurisdiction to confirm the arbitration award under 9 U.S.C. § 203 and via diversity jurisdiction. DesignwarePro and Retail Pro are citizens of different states within the meaning of 28 U.S.C. § 1332(a)(2). DesignwarePro is a Colorado limited liability

4

company, whose members are citizens of the United States, with its principal place of business in Highlands Ranch, Colorado.  (Petition ¶ 3.)  Retail Pro is an Australian limited company, whose members are citizens of the Commonwealth of Australia, with a principal place of business at 4 Arwon Court, Londsdale, Adelaide, South Australia.  (*Id*. ¶ 4.)  Retail Pro registered as a foreign corporation with the State of Texas and identified its Texas statutory agent for service of process as Texan Registered Agent LLC with an address of 500 Balcones Drive, Ste 100, Austin, TX 78731.  (*Id*. ¶ 5.)  The amount in controversy exceeds $75,000, exclusive of interest and costs.  (*Id*. ¶ 29.)  Accordingly, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) and pursuant to 9 U.S.C. § 203.

## POINT III

## VENUE IS PROPER IN THE DISTRICT OF COLUMBIA

The License Agreement contains a forum selection clause pursuant to which the parties consent to the jurisdiction and venue of this Court to confirm the arbitration award.  (ECF 4-4, License Agreement.)  Paragraph 27(e) provides, in pertinent part, that the "exclusive jurisdiction and venue" of any action with respect to the License Agreement shall be the "United States District Court for the District of Columbia," and the parties submit to the Court's "exclusive jurisdiction and venue" for any such action.   Pursuant to ¶ 27(b), judgment upon an arbitration award may be entered "in any court having jurisdiction thereof."

A forum selection clause in which parties expressly consent to the personal jurisdiction of the federal courts for the District of Columbia "is dispositive with respect to the Court's personal jurisdiction."  *M3 USA Corp. v. Qamoum*, 20 Civ. 2903, 2021 WL 2324753, at *8 (D.D.C. June 7, 2021); *Water & Sand Int'l Cap., Ltd. v. Capacitive Deionization Tech. Sys., Inc.,* 563 F. Supp. 2d 278, 282 (D.D.C. 2008).  Forum selection clauses are "prima facie valid"

and "should be honored by the parties and enforced by the courts." *Gipson v. Wells Fargo & Co.*, 563 F. Supp. 2d 149, 154 (D.D.C. 2008); *Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC*, 60 F. Supp. 3d 21, 32 (D.D.C. 2014).

## POINT IV

## RESPONDENT IS IN DEFAULT

Fed. R. Civ. P. 55 establishes a two-step procedure that a plaintiff must follow to obtain default judgment. *U.S. Eng'g Co. v. United Sheet Metal, Inc.*, 17 Civ. 02004, 2019 WL 2373130, *1 (D.D.C. June 4, 2019).  First, the plaintiff must ask the Clerk of Court to enter default based on a defendant's failure to plead or otherwise defend in response to the complaint. *Id*.; Fed. R. Civ. P. 55(a). (*See* ECF 7, Clerk's entry of default against Retail Pro.)  Second, after the Clerk has entered default, the plaintiff must prove its entitlement to the relief requested.  Once a plaintiff has satisfied those procedural requirements, "[t]he determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Id*.; Fed. R. Civ. P. 55(b). *See also Swiss Inst. of Bioinformatics v. Glob. Initiative on Sharing All Influenza Data*, 49 F. Supp. 3d 92, 96 (D.D.C. 2014) ("Once the Clerk enters the default pursuant to Rule 55(a), Rule 55(b) authorizes either the Clerk or the Court to enter a default judgment against the defendant.").

Courts confirm arbitration awards via default judgment where the petitioner's request is consistent with the Federal Arbitration Act. *U.S. Eng'g Co.*, 2019 WL 2373130, at *2 (*citing Non-Dietary Exposure Task Force v. Tagros Chems. India, Ltd.*, 309 F.R.D. 66 (D.D.C. 2015)).  As set forth below, Petitioner's request here is consistent with the FAA.

Pursuant to 9 U.S.C. § 207, if a timely petition for confirmation of an award has been filed, the court "shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." *Id*.; *G.E. Transp.*

*S.P.A. v. Republic of Albania*, 693 F. Supp. 2d 132, 137 (D.D.C. 2010). "Such grounds include the following: incapacity of the parties; invalidity of the underlying agreement; an award beyond the scope of the arbitration agreement; improper composition of the arbitration panel; and an award that has not yet become binding or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made." *Id*.

In this case, none of the grounds for refusal or deferral of recognition or enforcement of the award is present. Neither party was under any incapacity (*see* Final Award, ECF 4-3). Respondent had proper notice of the arbitration proceedings; indeed, it selected an arbitrator and asserted counterclaims. (*Id*.) The arbitration award addresses only those disputes that were submitted to arbitration (*Id*., *see also* License Agreement, ECF 4-4). The arbitral procedure and the composition of the arbitral authority accorded with the License Agreement. (*Id*.) And the Final Award is binding on the parties. (*Id*.)

Accordingly, because none of the grounds for refusing to enforce the award exist here, Petitioner is entitled to judgment confirming the Final Award. *Glob. Distressed Alpha Fund I LP v. Red Sea Flour Mills Co.*, 725 F. Supp. 2d 198, 203 (D.D.C. 2010).

## CONCLUSION

For the foregoing reasons, the Final Award should be confirmed, and Petitioner's motion for entry of a judgment by default against Retail Pro in the form proposed with the Petition (ECF 4-8) should be granted.

Dated: January 8, 2025

            Respectfully submitted,

            *James L. Bikoff*
            James L. Bikoff

7

SMITH, GAMBRELL & RUSSELL, LLP
1055 Thomas Jefferson Street, N.W.
Suite 400
Washington, DC 20007
(202) 263-4341
jbikoff@sgrlaw.com

*Attorneys for Petitioner DesignwarePro, LLC*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing Motion for Default Judgment will be served concurrently with this filing on Retail Pro Software Pty Ltd. c/o its registered agent authorized by appointment to receive service, and by FedEx to its last known addresses at (i) 4 Arwon Court, Londsdale, Adelaide, South Australia and (ii) 20 Kandra Road Sheidow Park, Adalaide, AU 5158 AU.

Dated: January 8, 2025

*James L. Bikoff*
James L. Bikoff